Justice O’Connor,
concurring.
I write separately to put to rest one concern. The dissent worries that the Court’s opinion “imposes on defense counsel a rigid requirement to review all documents in what it calls the ‘case file’ of any prior conviction that the prosecution might rely on at trial.” Post, at 396 (opinion of KENNEDY, J.). But the Court’s opinion imposes no such rule. See ante, at 389-390. Rather, today’s decision simply ap *394 plies our longstanding case-by-case approach to determining whether an attorney’s performance was unconstitutionally deficient under Strickland v. Washington, 466 U. S. 668 (1984). Trial counsel’s performance in Rompilla’s case falls short under that standard, because the attorneys’ behavior was not “reasonable considering all the circumstances.” Id., at 688. In particular, there were three circumstances which made the attorneys’ failure to examine Rompilla’s prior conviction file unreasonable.
First, Rompilla’s attorneys knew that their client’s prior conviction would be at the very heart of the prosecution’s case. The prior conviction went not to a collateral matter, but rather to one of the aggravating circumstances making Rompilla eligible for the death penalty. The prosecutors intended not merely to mention the fact of prior conviction, but to read testimony about the details of the crime. That crime, besides being quite violent in its own right, was very, similar to the murder for which Rompilla was on trial, and Rompilla had committed the murder at issue a mere three months after his release from prison on the earlier conviction. In other words, the prosecutor clearly planned to use details of the prior crime as powerful evidence that Rompilla was a dangerous man for whom the death penalty would be both appropriate punishment and a necessary means of incapacitation. Cf. App. 165-166 (prosecutor’s penalty-phase argument). This was evidence the defense should , have been prepared to meet: A reasonable defense lawyer would have attached a high importance to obtaining the record of the prior trial, in order to anticipate and find ways of deflecting the prosecutor’s aggravation argument.
Second, the prosecutor’s planned use of the prior conviction threatened to eviscerate one of the defense’s primary mitigation arguments. Rompilla was convicted on the basis of strong circumstantial evidence. His lawyers structured the entire mitigation argument around the hope of convincing the jury that residual doubt about Rompilla’s guilt made *395 it inappropriate to impose the death penalty. In announcing an intention to introduce testimony about Rompilla’s similar prior offense, the prosecutor put Rompilla’s attorneys on notice that the prospective defense on mitigation likely would be ineffective and counterproductive. The similarities between the two crimes, combined with the timing and the already strong circumstantial evidence, raised a strong likelihood that the jury would reject Rompilla’s residual doubt argument. Rompilla’s attorneys’ reliance on this transparently weak argument risked damaging their credibility. Such a scenario called for further investigation, to determine whether circumstances of the prior case gave any hope of saving the residual doubt argument, or whether the best strategy instead would be to jettison that argument so as to focus on other, more promising issues. Cf. Yarborough v. Gentry, 540 U. S. 1, 7 (2003) (per curiam); Bell v. Cone, 535 U. S. 685, 700 (2002) (noting that sound tactical judgment may sometimes call for omitting certain defense evidence or arguments).
Third, the attorneys’ decision not to obtain Rompilla’s prior conviction file was not the result of an informed tactical decision about how the lawyers’ time would best be spent. Although Rompilla’s attorneys had ample warning that the details of Rompilla’s prior conviction would be critical to their case, their failure to obtain that file would not necessarily have been deficient if it had resulted from the lawyers’ careful exercise of judgment about how best to marshal their time and serve their client. But Rompilla’s attorneys did not ignore the prior case file in order to spend their time on other crucial leads. They did not determine that the file was so inaccessible or so large that examining it would necessarily divert them from other trial-preparation tasks they thought more promising. They did not learn at the 11th hour about the prosecution’s intent to use the prior conviction, when it was too late for them to change plans. Rather, their failure to obtain the crucial file “was the result of in *396 attention, not reasoned strategic judgment.” Wiggins v. Smith, 539 U. S. 510, 534 (2003). As a result, their conduct fell below constitutionally required standards. See id., at 533 (“ ‘[Strategic choices made after less than complete investigation are reasonable’ only to the extent that ‘reasonable professional judgments support the limitations on investigation’ ” (quoting Strickland, 466 U. S., at 690-691)).
In the particular circumstances of this case, the attorneys’ failure to obtain and review the case file from their client’s prior conviction did not meet standards of “reasonable professional judgmen[t].” Id., at 691. Because the Court’s opinion is consistent with the “ ‘case-by-case examination of the evidence’ ” called for under our cases, Williams v. Taylor, 529 U. S. 362, 391 (2000), I join the opinion.